IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DERRICK CONRAD | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:15-CV-77 |
| | § | |
| WAYNE KRC, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for New Trial (ECF 87). Having considered the motion and response, the Court **DENIES** the motion.

### BACKGROUND

Plaintiff Derrick Conrad, proceeding *pro se*, filed this case on January 29, 2015 seeking relief pursuant to 42 U.S.C. § 1983. The Court entered a Memorandum Opinion and Order on June 17, 2016 granting Defendants' Motion for Summary Judgment and dismissing the complaint with prejudice. The Court entered a Final Judgment on the same date.

On June 27, 2016, Plaintiff filed a Motion for New Trial (ECF 87). In his motion, Plaintiff states that he is seeking relief pursuant to FED. R. CIV. P. 59(e). Plaintiff alleges that he was subjected to false imprisonment during an arrest and that there was a lack of probable cause for his arrest. Without providing any facts, Plaintiff alleges that fraud was committed in this proceeding. He additionally seeks to add claims against the undersigned and counsel for Defendants.

1

Defendants filed a response on June 30, 2016. Defendants assert that Plaintiff's motion fails to establish an intervening change in controlling law, to clearly establish or identify a manifest error of law or fact, or raise arguments that could not have been offered or raised prior to the entry of judgment. Plaintiff additionally does not present any new evidence.

**ANALYSIS**

Although Plaintiff's motion is titled as a motion for new trial, the Court did not conduct a trial in this case. A motion for new trial is therefore inappropriate. *See United States v. $16,540 in U.S. Currency*, 273 F.3d 1094 (5th Cir. 2001) (per curiam). Plaintiff states, however, that he is seeking relief pursuant to Rule 59(e). Plaintiff's motion should be construed as a motion for reconsideration pursuant to Rule 59(e). *Id.* (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n. 1 (5th Cir. 1996)).

A motion for reconsideration pursuant to Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydoChem Inc*., 367 F.3d 473, 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co*., 875 F.2d 468, 473 (5th Cir. 1989)).

Altering, amending, or reconsidering a judgment pursuant to Rule 59(e) is an extraordinary remedy that is used sparingly. *Id*. Plaintiff's motion inappropriately seeks to reassert the legal theories and arguments previously raised in his pleadings and in his response to the motion for summary judgment. He does not show a manifest error of law or fact. Additionally, he does not present any newly discovered evidence. Rather, Plaintiff's motion

advances baseless allegations of fraud and misconduct by Defendants, counsel and the undersigned. It is therefore

**ORDERED** that Plaintiff's Motion for New Trial (ECF 87) is **DENIED**.

So ORDERED and SIGNED this 5th day of October, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE